```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

CHRISTOPHER ANTHONY NODA,

        Plaintiff,

v.                                Case No: 2:20-cv-97-FtM-29MRM

FNU SNYDER, Warden, Florida
Department of Corrections
Charlotte Correctional
Institution,

        Defendant.
_____

## ORDER

This matter comes before the Court upon review of Plaintiff Christopher Anthony Noda's handwritten civil rights complaint (Doc. #1) filed on February 12, 2020. Noda, a state prisoner, has not paid the filing fee or filed a request to proceed *in forma pauperis*. Nonetheless, because Noda incorporates a "Motion for an Emergency Hearing, Temporary Restraining Order and Preliminary Injunction from 'Imminent Danger'" in his complaint, the Court considers the allegations in order to rule on the incorporated motion.

### I. Background and Factual Allegations

Noda filed the complaint, which is not on the Court's approved form, while incarcerated in Charlotte Correctional Institution (CCI), which is within the venue of this Court. M.D. Fla. R.

1.02(b)(5).  The complaint names FNU Snyder, the Warden of CCI, as the sole defendant.  Liberally construed, the complaint alleges three Eighth Amendment violations stemming from three separate incidents.

In his first claim titled "Failure to Protect," Noda states on April 1, 2018 he was placed in protective custody in South Florida Reception Center after being sexually assaulted by an inmate gang member, Andy Mack. (Doc. #1 at 2, ¶ 2).  Jackson Memorial Hospital's Rape Crisis Center confirmed Noda was raped and Noda filed criminal charges against Mack with Miami Dade police. (Id., ¶¶ 3-4).  On May 29, 2018, correctional officials took Noda off protective custody and transferred him to CCI. (Id., ¶ 5)  At CCI, Noda was "continually sexually harassed by inmates and gang members." (Id., ¶ 6).  Noda "recently" reported the harassment through the grievance process but prison officials did not investigate his grievances. (Id.).

In his second claim titled "Unlawful Use of Force," Noda alleges Sergeant Hughley physically beat him inside the bathroom of the captain's office on October 15, 2019.  (Id. at 3, ¶ 7). Captain Ross, Lieutenant Garmin and Sergeant Spry, who were inside the captain's office but outside the bathroom, knew of the beating but did not intervene. (Id.).  A few days later, Sergeant Whelan noticing bruising on Noda, directed Noda to go to medical. (Id.,

¶ 8). Because Captain Ross threatened Noda immediately after the beating not to report the incident, Noda waited until he was put in protective custody on January 18, 2020 to report the beating. (Id., ¶¶ 9-10).

In his third claim titled "Failure to Protect," Noda states he was severely beaten by gang members, Asante Whithead and Steve Singleton, on January 18, 2020 inside his cell at CCI. (Id. at 4, ¶ 12). Noda "believe[s]" this assault was done at the direction of Mack, who had sexually assaulted him. (Id., ¶ 13).

Noda states he "will suffer irreparable harm" if the Court does not grant him a temporary restraining order. (Id., ¶ 15). Noda states that Warden Snyder is responsible for his safety and has the authority to keep him in protective custody and have him "transferred to a safe protective environment." (Id., ¶ 18).

## II. Applicable Law

Included on the face of the complaint is Noda's "Motion for a[n] Emergency Temporary Restraining Order and a Preliminary Injunction from 'Imminent Danger'" (Doc. #1). Because Noda alleged that he was in "imminent danger" the Court undertook an immediate review of complaint and incorporated motion and, in an abundance of caution, entered an order notifying correctional officials of Noda's allegations of imminent danger. (See Doc. #2).

The issuance of a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of [four] prerequisites. Bloedorn v. Grube, 631 F.3d 1218, 1229 (11th Cir. 2011)(citations omitted). The four prerequisites for a preliminary injunction are: (1) a substantial likelihood of succeeding on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential injury if relief is not granted; and (4) an injunction would not harm or do a disservice to the public interest. *Id*., at 1229. The burden of persuasion for each of the four requirements is upon the movant. Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc). Further, under Local Rule 4.05(a), "[s]uch orders will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction." And the movant is required to: specifically describe the conduct sought to be enjoined; provide sufficient factual detail so the Court can determine the appropriate security which must be posted by the movant; accompany the motion with a proposed form order; and, attach a supporting legal memorandum. M.D. Fla. R. 4.05(b).

Noda has not complied with the requirements of either Fed. R.

Civ. P. 65(b) or Local Rule 4.05(b).[1] Noda acknowledges when he filed the complaint he was in protective custody. Further, Noda complains about past sexual and physical abuse. Thus, he has not demonstrated a threat of an immediate and irreparable injury or loss. Further, Noda has not addressed, yet alone established, the four prerequisites mandated by the Eleventh Circuit to warrant preliminary injunctive relief. Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir.) (per curiam), cert. denied, 534 U.S. 1072 (2001).

Further, Noda's request for injunctive relief is moot. On February 13, 2020, correctional officials notified the Clerk that Noda was transferred from CCI. See docket entry dated February 13, 2020. A review of the DOC's Offender Network confirms that Noda is now incarcerated at Apalachee Correctional Institution.[2] Noda's transfer moots his request for injunctive relief from Warden Snyder at CCI. See Smith v. Allen, 505 F.3d 1255, 1267 (11th Cir.

---

[1] "The brief or legal memorandum submitted in support of the motion must address the following issues: (i) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury and the reason that notice cannot be given; (iii) the potential harm that might be caused to the opposing parties or others if the order is issued; and (iv) the public interest, if any." M.D. Fla. R. 4.05(b)(4). The Local Rule also requires that a party applying for a preliminary injunction must also address these four factors in a brief or legal memorandum. M.D. Fla. R. 4.06(b)(1).

[2] http://dc.state.fl.us/OffenderSearch/list.

2007)("the general rule in our circuit is that a transfer or release of a prisoner from prison will moot the prisoner's claim for injunctive relief."), abrogated on other grounds by Sossamon v. Texas, 563 U.S. 277 (2011). The Court finds Noda's motion for a temporary restraining order or preliminary injunction is moot.

Besides the preliminary injunctive relief requested, Noda also seeks compensatory and punitive damages in  is complaint. (Doc. #1 at 8). For the Court to consider the merits of any of Noda's claims, he will have to file an amended complaint on the Court's approved form and accompany his amended complaint with the requisite $400.00 filing fee or an application to proceed *in forma pauperis.*

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's "Motion for an Emergency Hearing Temporary Restraining Order and Preliminary Injunction from 'Imminent Danger'" incorporated in his complaint (Doc. #1) is **DENIED as moot**.

2. Plaintiff shall file an amended complaint on the enclosed form accompanied by the $400.00 filing fee or a completed affidavit of indigency and prisoner consent form **no later than March 16, 2020**.

3. The Clerk of Court will send Plaintiff a blank civil rights complaint form bearing the above-captioned case number and

the title "Amended Complaint" and affidavit of indigency and prisoner consent form.

4. **The Court warns Plaintiff that failure to comply with this Order or failure to respond fully and accurately to each question in the civil rights complaint form will cause a dismissal of this case without further notice**

**DONE and ORDERED** at Fort Myers, Florida, this __2nd__ day of March, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:
Counsel of Record